UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____
Amended

**Notice of Final Hearing on Motion [*Check One*]**

**For Use of Cash Collateral**

Debtor

**To Obtain Credit**

YOU ARE NOTIFIED THAT:

1.  The undersigned moving party, _____,
    filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit (check one).  The
    motion is attached and includes the statement required by Local Bankruptcy Form
    (LBF) 541.5, Procedures re: Motions for Use of Cash Collateral or to Obtain Credit.

2.  The name and service address of the moving party's attorney (or moving party, if no
    attorney) are:_____
    _____

3.  An evidentiary hearing on the motion, at which witnesses may testify, will be held as
    follows:

    **Date: _____**          **Time: _____**

    **Location**:

    Courtroom #_____, _____

    Telephone Hearing [*See LBF 888, Telephone Hearing Requirements.*]

    **Call In Number:** (855) 244-8681

    **Access Code:**    2319 199 8338 for Judge David W. Hercher (dwh)

    2311 562 9438 for Judge Peter C. McKittrick (pcm)

    2303 266 1826 for Judge Teresa H. Pearson (thp)

    2318 130 5070 for Judge Kathryn F. Evans (kfe)

    Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

**541 (3/5/2026)**                    Page 1 of 2

4. If you wish to object to the motion, you must, within 14 days of the service date shown in paragraph 5 below, file with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401: (1) a written response which states the facts upon which you will rely, and (2) a certificate showing the response has been served on the U.S. trustee and the attorney or party named in paragraph 2 above.

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent (or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)), any creditors' committee attorney, the U.S. trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____

Signature of Moving Party or Attorney                                              OSB#

_____

(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#

_____

**541 (3/5/2026)**                          Page 2 of 2

Label Matrix for local noticing
0979-3
Case 26-30629-dwh12
District of Oregon
Portland
Thu Jun 11 13:31:11 PDT 2026

Afmia Tipikin
31832 S Palmer Road
Molalla, OR 97038-8838

AgWest Farm Credit, FLCA
380 Farm Credit Drive SE
Salem, OR 97301-5501

AgWest Farm Credit, FLCA
c/o Mr. Bill Perry, CEO
2001 S Flint Road
Spokane, WA 99224-9198

AgWest Farm Credit, FLCA, successor by merge
c/o Gina Anne Johnnie
PO Box 2247
Salem, OR 97308-2247

Alexei Tipikin
31832 S Palmer Road
Molalla, OR 97038-8838

Virginia Andrews Burdette
Virginia Andrews Burdette, Trustee
P.O. Box 16600
Seattle, WA 98116-0600

Civil Process Clerk
Office of Scott Bradford
US Attorney General, Dist. Oregon
1000 SW Third Ave. Ste 600
Portland, OR 97204-2936

Columbia Bank
Attn: Clint Stein, President
445 SE Main Street
Roseburg, OR 97470-4934

Columbia Bank
c/o Saalfeld Griggs PC
Attn: Erich M. Paetsch
PO Box 470
Salem, OR 97308-0470

Columbia Bank
c/o Saalfeld Griggs PC/Attn: Erich M. Pa
PO Box 470
Salem, OR 97308-0470

(p)CREDIT CONTROL  LLC
ATTN CORRESPONDENCE
3300 RIDER TRAIL S
SUITE 500
EARTH CITY MO 63045-1338

FSA Loans
7620 SW Mohawk
Tualatin, OR 97062-8121

Gina Johnnie
Sherman, Sherman, Johnnie & Hoyt
693 Chemeketa St NE
Salem, OR 97301-3732

NICHOLAS J HENDERSON
Elevate Law Group
6000 SW Meadows Road
Ste 450
Lake Oswego, OR 97035-3628

Horizon Farms LLC
PO Box 590
Molalla, OR 97038-0590

IRS
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

JOHN DEERE FINANCIAL, f. s. b.
c/o Weltman, Weinberg & Reis Co., LPA
5990 West Creek Rd, Suite 200
Independence, OH 44131-2191

GINA ANNE JOHNNIE
Sherman Sherman Johnnie & Hoyt, LLP
693 Chemeketa Street NE
PO Box 2247
Salem, OR 97308-2247

(p)DEERE CREDIT SERVICES  INC
ATTN LITIGATION & RECOVERY DEPARTMENT
PO BOX 6600
JOHNSTON IA 50131-6600

ODR
Attn: Bankruptcy Unit
955 Center St. NE
Salem, OR 97301-2553

Oregon Dept of Revenue
ODR Bkcy
955 Center St NE
Salem OR 97301-2553

ERICH M PAETSCH
POB 470
Salem, OR 97308-0470

Todd Blanche
US Attorney General
950 Pennsylvania Ave. NW
Washington, DC 20530-0009

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

US Trustee, Portland
1220 SW 3rd Ave., Rm. 315
Portland, OR 97204-2829

USDA Farm Service Agency
7620 SW Mohawk
Tualatin, OR 97062-8121

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Credit Control LLC
3300 Rider Trail S #500
Earth City, MO 63045

John Deere Financial
PO Box 4450
Carol Stream, IL 60197

U.S. Bank NA
Bankruptcy Department
PO Box 108
Saint Louis, MO 63166-0108

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Columbia Bank

End of Label Matrix
Mailable recipients    27
Bypassed recipients     1
Total                  28

**Nicholas J. Henderson, OSB#074027**
nick@elevatelawpdx.com
Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, OR 97035
Telephone: (503) 417-0508
Facsimile: (503) 417-0501

*Of Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Horizon Farms, LLC,<br><br>        Debtor. | Case No.  26-30629-dwh12<br><br>MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |

Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), Horizon Farms, LLC (the "***Debtor***"), as debtor in possession, hereby moves this Court for entry of final order authorizing it to use cash collateral as defined by Section 363 of the Bankruptcy Code (the "***Cash Collateral***") for the purpose and on the terms set forth herein.  In support, the Debtor represents and states as follows:

1.      On February 25, 2026, the Debtor commenced a Chapter 11 case by filing of a voluntary petition under Chapter 12 of the United States Bankruptcy Code.

2.      Pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code, the Debtor is authorized to possess the Debtor's property and operate and manage the Debtor's business as debtor-in-possession.

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP<br>6000 Meadows Road, Suite 450<br>Lake Oswego, Oregon 97035<br>Phone: 503-417-0500<br>Fax: 503-417-0501<br>www.elevatelawpdx.com

## DEBTOR'S BUSINESS

3.      Debtor operates a berry farm in Molalla, Oregon.  The Debtor's farming operation is conducted on land located at 31832 S Palmer Rd., Molalla, Oregon (the "*Farm*"), which is owned by the Debtor's principals, Alexei Tipikin and Afimia Tipikin (the "*Tipikins*").

## PARTIES WITH POTENTIAL INTERESTS IN COLLATERAL

4.      The following entities ("*Lien Creditors*") may claim liens in the Cash Collateral, which consists of crops and proceeds, as follows:

| Lien Creditor | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|
| United States of America, acting through Farm Service Agency ("FSA") | $129,000 | $2,033,425 | All crops and other assets owned by Debtor and Debtor's members, Alexei and Afimia Tipikin; creditor also has a deed of trust against the Farm, behind senior liens of approximately $644,000. |
| Columbia State Bank | $665,000 | $2,033,425 | All crops and other assets owned by the Tipikins; creditor also has a deed of trust against the Farm, behind senior liens of approximately $773,000 (including FSA). |

5.      Other than the Lien Creditors noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

6.      Debtor seeks authority to use crop insurance proceeds to cure a mortgage default for an obligation owed to Northwest Farm Credit Services, FLCA ("*AgWest*"), which holds a first-position lien against the Farm.  AgWest has scheduled a foreclosure sale for July 15, 2026. To cure the AgWest default and avoid foreclosure, Debtor's principals must pay approximately $44,000 to AgWest and must also cure approximately $25,000 of past due property taxes. Columbia State Bank and FSA may claim an interest in the crop insurance proceeds, so Debtor and its principals seek approval in an abundance of caution.

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

7.      Debtor also requires the use of Cash Collateral to make reasonable and necessary payments related to the Debtor's business including, but not limited to, farm labor expenses, taxes, fertilizer, utilities, maintenance, insurance, and other miscellaneous expenses.

8.      If Debtor is not able to use the Cash Collateral, it will not be able to continue operations, and its crops could be lost.  Additionally, without the ability to cure the AgWest default, the Farm will be sold at foreclosure, and the Debtor's business will cease operations.  If either of these events occur, the result will be termination of Debtor's business.

9.      A proposed Order Authorizing Use of Cash Collateral is attached hereto as **Exhibit 1** (the "***Proposed Order***").  Attached as **Exhibit A** to the Proposed Order is Debtor's proposed cash collateral budget (the "***Budget***") for income and expenses through July 31, 2026. For the final hearing, Debtor seeks approval to use cash collateral for operations for the full amount of the Budget, in the amount of $123,607.00.

10.     Debtor is unable to obtain necessary financial accommodation for the expenses shown in the Budget from any other source.

11.     After reasonable efforts, Debtor is unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

12.     Allowing Debtor to use Cash Collateral on the terms set forth in the Budget will maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

13.     Without the use of Cash Collateral, Debtor has insufficient funds to meet Debtor's expenses as itemized in the Budget, or save the Farm from foreclosure. Debtor has an immediate need for Cash Collateral to pay Debtor's operating expenses and to preserve the Farm, which will also preserve the value of Debtor's business.

14.     The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**PROPOSED TERMS OF CASH COLLATERAL ORDER**

15.     Debtor further proposes that Debtor's authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10 %) of the total projected expenditures under the Budget.

**PROPOSED ADEQUATE PROTECTION**

16.     Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the business of Debtor to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

a.     A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest.  The replacement liens shall have the same relative priority vis-à-vis one another as existed on the petition date with respect to the original liens.

b.     Debtor shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

17.     As demonstrated by the Budget, the revenue generated by the business will remain relatively stable.  The balance of cash on hand at the end of the budget period is expected to be higher than it was at the beginning of the budget period, even after payment of significant mortgage and property tax obligations.

Page 4 of 11      MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Elevate Law Group
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**NOTICE**

18.     No creditors committee under § 1102 of the Code has yet been appointed by the U.S. Trustee, but Debtors have given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves the Court for:

1.     An Order Authorizing the Use of Cash Collateral and Granting Adequate Protection on the terms set forth in **Exhibit A** attached hereto.

2.     That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

DATED June 11, 2026.                              ELEVATE LAW GROUP

                                                  /s/ Nicholas J. Henderson
                                                  Nicholas J. Henderson, OSB #074027
                                                  Of Attorneys for Debtor in Possession

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**EXHIBIT 1**

**PROPOSED ORDER**

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Horizon Farms, LLC,<br><br>Debtor. | Case No.<br><br>ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |

This matter came before the Court on _____, on the Motion for Final Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection [ECF Doc #___] filed by Horizon Farms, LLC, (the "Debtor"), as debtor in possession. Based on the entire record of this case, the Court makes the following findings of fact and conclusions of law:

A.      On February 25, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

/ / / / /

/ / / / /

MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP<br>6000 Meadows Road, Suite 450<br>Lake Oswego, Oregon 97035<br>Phone: 503-417-0500<br>Fax: 503-417-0501<br>www.elevatelawpdx.com

B.      The following creditors (each a "Secured Creditor" and collectively the "Secured

Creditors") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Lien Creditor | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|
| United States of America, acting through Farm Service Agency ("FSA") | $129,000 | $2,033,425 | All crops and other assets owned by Debtor and Debtor's members, Alexei and Afimia Tipikin; creditor also has a deed of trust against the Farm, behind senior liens of approximately $644,000. |
| Columbia State Bank | $665,000 | $2,033,425 | All crops and other assets owned by the Tipikins; creditor also has a deed of trust against the Farm, behind senior liens of approximately $773,000 (including FSA). |

C.  The relief requested in the motion is necessary. Absent authority to use cash

collateral, the Debtor will have to curtail or terminate its business operations to the detriment of

all parties in interest. Among other things, the disruption or termination of business operations

would have a material and adverse effect on the value of the Debtor's business.

D.  Notice of the hearing on the motion was reasonable and sufficient in the

circumstances.

Based on the foregoing, it is hereby ORDERED that:

1.      The Debtor is authorized to use $123, 607 of cash collateral for the period

following entry of this Order through July 31, 2026 (the "Budget Period"), in accordance with

the attached **Exhibit A** (the "Budget").  Debtor's authority to use Cash Collateral is limited to

the uses set forth in the Budget, together with a 10% aggregate variance.

2.      As adequate protection, the Lien Creditors are granted replacement liens upon all

post-petition assets of the Debtor which are of the identical description to its pre-petition

collateral, with the same relative priority vis-à-vis each other that existed as of the Petition Date.

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

3.    Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

4.    Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditors from asserting claims for any further amounts that may be owed by the Debtor.

5.    Debtor is authorized to execute and deliver to Lien Creditors such instruments each Lien Creditor may deem necessary or desirable to perfect the secured interests and liens given to them, and Lien Creditors are authorized to receive, file, and record the same.

6.    Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

7.    Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and the Lien Creditors.  In the event of such agreement, Debtor may submit a further order extending Debtor's authority to use Cash Collateral on the same terms and conditions as provided herein without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be

INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

provided to creditors and parties in interest with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

8.    In the event of a default under the terms of this Order, and unless the Debtor cures such default within ten (10) days after receiving written notice of the default, the Debtor's right to use Cash Collateral shall be terminated and the Debtor shall be further prohibited from using Cash Collateral without obtaining a court order allowing such use.

9.    Except as otherwise authorized by an order of this Court, the Debtor shall deposit all funds received since the Petition Date and during the pendency of this case in the Debtor's bank account or accounts and that all expenses of the Debtor during the pendency of this case shall be paid from such accounts. Debtor shall not prepay expenses except in the ordinary course of business or as authorized by a court order.

10.    The amounts and categories described in the Budget are deemed a carve-out, pursuant to 11 U.S.C. § 506(c), of the Lien Creditors' collateral.

11.    This Order does not contain any of the "disfavored provisions" listed in LBF #541.7.

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

ELEVATE LAW GROUP

DRAFT_____
Nicholas J. Henderson, OSB #074027
6000 Meadows Road, Suite 450
Lake Oswego, OR 97035
Telephone: 503-417-0508
E-mail: nick@elevatelawpdx.com

Contesting parties to receive service by mail:  TBD

Page 10 of 4    INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

{00740332:2}

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**In re Horizon Farms, LLC**

**Case No. 26-30629-dwh12**

**EXHIBIT A**
**CASH COLLATERAL BUDGET**

| Week Ending | 6/27/2026 | 7/4/2026 | 7/11/2026 | 7/18/2026 | 7/25/2026 | Totals |
|---|---|---|---|---|---|---|
| **Beginning Cash** | $ 43,000.00 | $ 148,000.00 | $ 125,900.00 | $ 151,825.00 | $ 158,750.00 | |
| | | | | | | |
| **INCOME** | | | | | | |
| **Revenue** | | | | | | |
| Berry Sales | $ 105,000.00 | $ 72,000.00 | $ 35,000.00 | $ 15,000.00 | $ - | $ 227,000.00 |
| **Total Revenue:** | $ 105,000.00 | $ 72,000.00 | $ 35,000.00 | $ 15,000.00 | $ - | $ 227,000.00 |
| | | | | | | |
| **EXPENSES** | | | | | | |
| **Labor** | | | | | | |
| Labor Costs | $ - | $ 15,000.00 | $ 7,500.00 | $ 7,500.00 | $ - | $ 30,000.00 |
| SAIF | $ - | $ - | $ 1,000.00 | $ - | $ - | $ 1,000.00 |
| Payroll Taxes | $ - | $ 1,150.00 | $ 575.00 | $ 575.00 | $ - | $ 2,300.00 |
| Fertilizer | $ - | $ - | $ - | $ - | $ - | $ - |
| Chemicals | $ - | $ 2,000.00 | $ - | $ - | $ 1,500.00 | $ 3,500.00 |
| Misc. Supplies | $ - | $ 900.00 | $ - | $ - | $ 1,800.00 | $ 2,700.00 |
| Insurance | $ - | $ 1,450.00 | $ - | $ - | $ 1,450.00 | $ 2,900.00 |
| Fuel and Oil | $ - | $ 1,200.00 | $ - | $ - | $ 1,500.00 | $ 2,700.00 |
| Irrigation Costs | $ - | $ 2,000.00 | $ - | $ - | $ 2,000.00 | $ 4,000.00 |
| Utilities | $ - | $ 400.00 | $ - | $ - | $ 400.00 | $ 800.00 |
| Lease Payment to Principals (to pay AgWest) | $ - | $ - | $ - | $ - | $ 3,707.00 | $ 3,707.00 |
| Plan Payments | $ - | $ - | $ - | $ - | $ - | $ - |
| AgWest Cure Payment | $ - | $ 44,000.00 | $ - | $ - | $ - | $ 44,000.00 |
| Property Taxes | $ - | $ 26,000.00 | $ - | $ - | $ - | $ 26,000.00 |
| **Total Expenses** | $ - | $ 94,100.00 | $ 9,075.00 | $ 8,075.00 | $ 12,357.00 | $ 123,607.00 |
| | | | | | | $ - |
| **Net Income** | $ 105,000.00 | $ (22,100.00) | $ 25,925.00 | $ 6,925.00 | $ (12,357.00) | $ 103,393.00 |
| | | | | | | |
| **Draw for Principals** | $ - | $ - | $ - | $ - | $ 3,000.00 | $ 3,000.00 |
| | | | | | | |
| **Ending Cash** | $ 148,000.00 | $ 125,900.00 | $ 151,825.00 | $ 158,750.00 | $ 143,393.00 | |

Page 1 of 1