DISTRICT OF OREGON
**F I L E D**
**July 01, 2026**
**Clerk, U.S. Bankruptcy Court**

Below is an order of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 26-30629-dwh12 |
| Horizon Farms, LLC, | LIMITED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION |
| Debtor. | |

This matter came before the Court on June 29, 2026, on the Motion for Final Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection [ECF Doc #56] filed by Horizon Farms, LLC, (the "Debtor"), as debtor in possession.  Based on the entire record in this case, the Court makes the following findings of fact and conclusions of law:

A.  On February 25, 2026 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 12 of the Bankruptcy Code.  As of the date hereof, no trustee or examiner has been requested or appointed and no official committee of creditors has been appointed.

LIMITED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

B.  The following creditors (each a "Secured Creditor" and collectively the "Secured Creditors") may claim a lien in the Debtor's cash collateral (as defined in § 363(a)), as follows:

| Lien Creditor | Amount Owing Per Proof of Claim | Brief Collateral Description |
|---|---|---|
| United States of America, acting through Farm Service Agency ("FSA") | $128,908.26 | All crops and other assets owned by Debtor and Alexei and Afimia Tipikin; creditor also has a deed of trust against the Farm. |
| Columbia Bank | $660,332.41 | All crops and other assets owned by the Tipikins; creditor also has a deed of trust against the Farm. |

C.  The relief requested in the motion is necessary. Absent authority to use cash collateral, the Debtor will have to curtail or terminate its business operations to the detriment of all parties in interest. Among other things, the disruption or termination of business operations would have a material and adverse effect on the value of the Debtor's business.

D.  Notice of the hearing on the motion was reasonable and sufficient in the circumstances.

/ / /

/ / /

/ / /

/ / /

LIMITED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

Based on the foregoing, it is hereby ORDERED that:

1.      The Debtor is authorized to use $18,650 of cash collateral for the period following entry of this Order through July 8, 2026 (the "Budget Period"), in accordance with the attached **Exhibit A** (the "Budget").  Debtor's authority to use Cash Collateral is limited to the uses set forth in the Budget, together with a 10% aggregate variance.

2.      As adequate protection, the Lien Creditors are granted replacement liens upon all post-petition assets of the Debtor which are of the identical description to its pre-petition collateral, with the same relative priority vis-à-vis each other that existed as of the Petition Date.

3.      Debtor will timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

4.      Nothing in this Order shall be construed to (a) grant a security interest in the Debtor's avoidance powers; (b) convert any pre-petition obligations into post-petition obligations; (c) require payment of any obligations on confirmation of a plan of reorganization, except as otherwise provided under the Bankruptcy Code; (d) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (e) enhance the secured position of any creditor as of the Petition Date. Further, nothing in this order shall preclude Lien Creditors from asserting claims for any further amounts that may be owed by the Debtor.

5.      Debtor is authorized to execute and deliver to Lien Creditors such instruments each Lien Creditor may deem necessary or desirable to perfect the secured interests and liens given to them, and Lien Creditors are authorized to receive, file, and record the same.

6.      Nothing contained in this Order shall constitute a determination as to the amount, validity, or priority of any pre-petition obligation, security interest, or lien and all rights of parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid, or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgement by Debtor that any party has a valid or

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" are without prejudice to all rights, defenses, and claims of Debtor to contend that any party does not have a perfected lien or security interest in such collateral.

7.      Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor and the Lien Creditors.  In the event of such agreement, Debtor may submit a further order extending Debtor's authority to use Cash Collateral on the same terms and conditions as provided herein without an additional motion or hearing. Notice of the proposed extension, including the applicable Budget, shall be provided to creditors and parties in interest with 14 days for filing objections thereto. If no objections are received, the extension order will take effect upon its stated date of commencement.

8.      In the event of a default under the terms of this Order, and unless the Debtor cures such default within ten (10) days after receiving written notice of the default, the Debtor's right to use Cash Collateral shall be terminated and the Debtor shall be further prohibited from using Cash Collateral without obtaining a court order allowing such use.

9.      Except as otherwise authorized by an order of this Court, the Debtor shall deposit all funds received since the Petition Date and during the pendency of this case in the Debtor's bank account or accounts and that all expenses of the Debtor during the pendency of this case shall be paid from such accounts. Debtor shall not prepay expenses except in the ordinary course of business or as authorized by a court order.

10.      The amounts and categories described in the Budget are deemed a carve-out, pursuant to 11 U.S.C. § 506(c), of the Lien Creditors' collateral.

11.      This Order does not contain any of the "disfavored provisions" listed in LBF #541.7.

/ / /

LIMITED ORDER AUTHORIZING INTERIM USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

###

I certify that I have complied with the requirements of LBR 9021-1 (a)(2)(A).

Order Presented by:

ELEVATE LAW GROUP

*/s/ Nicholas J. Henderson*
Nicholas J. Henderson, OSB #074027
6000 Meadows Road, Suite 450
Lake Oswego, OR 97035
Telephone: 503-417-0508
E-mail: nick@elevatelawpdx.com

LIMITED ORDER AUTHORIZING INTERIM USE OF CASH
COLLATERAL AND GRANTING ADEQUATE PROTECTION

ELEVATE LAW GROUP
6000 Meadows Road, Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

**EXHIBIT A**
**CASH COLLATERAL BUDGET**

| Week Ending | | 6/27/2026 | | 7/4/2026 | | Totals |
|---|---|---|---|---|---|---|
| Beginning Cash | $ | 43,000.00 | $ | 148,000.00 | | |
| | | | | | | |
| INCOME | | | | | | |
| Revenue | | | | | | |
| Berry Sales | $ | 105,000.00 | $ | 72,000.00 | $ | 177,000.00 |
| Total Revenue: | $ | 105,000.00 | $ | 72,000.00 | $ | 177,000.00 |
| | | | | | | |
| EXPENSES | | | | | | |
| Labor | | | | | | |
| Labor Costs | $ | - | $ | 15,000.00 | $ | 15,000.00 |
| SAIF | $ | - | $ | - | $ | - |
| Payroll Taxes | $ | - | $ | 1,150.00 | $ | 1,150.00 |
| Fertilizer | $ | - | $ | - | $ | - |
| Chemicals | $ | - | $ | - | $ | - |
| Misc. Supplies | $ | - | $ | 900.00 | $ | 900.00 |
| Insurance | $ | - | $ | - | $ | - |
| Fuel and Oil | $ | - | $ | 1,200.00 | $ | 1,200.00 |
| Irrigation Costs | $ | - | $ | - | $ | - |
| Utilities | $ | - | $ | 400.00 | $ | 400.00 |
| Lease Payment to Principals (to pay AgWest) | $ | - | $ | - | $ | - |
| Plan Payments | $ | - | $ | - | $ | - |
| AgWest Cure Payment | $ | - | $ | - | $ | - |
| Property Taxes | $ | - | $ | - | $ | - |
| Total Expenses | $ | - | $ | 18,650.00 | $ | 18,650.00 |
| | | | | | $ | - |
| Net Income | $ | 105,000.00 | $ | 53,350.00 | $ | 158,350.00 |
| | | | | | | |
| Draw for Principals | $ | - | $ | - | $ | - |
| | | | | | | |
| Ending Cash | $ | 148,000.00 | $ | 201,350.00 | | |

4912-0667-1289, v. 1