**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**SUSANNE LUSE OSB #142489**
susanne.luse@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
Telephone: (503) 727-1019
    Attorneys for the United States of America

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

| | |
|---|---|
| In re: Horizon Farms LLC,<br><br>    Debtor. | Case No.: 26-30629-dwh12<br><br>U.S. DEPARTMENT OF AGRICULTURE<br>FARM SERVICE AGENCY'S<br>OBJECTION TO CONFIRMATION |

The United States of America, by and through the U.S. Department of Agriculture Farm Service Agency ("FSA"), a fully secured creditor herein, objects to confirmation of Debtor's Chapter 12 Plan (ECF Doc. 39). FSA objects to the Plan as it is not feasible, as required by 11 U.S.C. § 1225(a)(6).

### 1. FACTUAL AND PROCEDURAL BACKGROUND

Horizon Farms LLC ("Debtor") filed a petition for relief under Chapter 12 of the Bankruptcy Code on February 25, 2026. ECF Doc 1. On May 28, 2026, Debtor filed their Chapter 12 Plan. ECF Doc. 39.

FSA filed a Proof of Claim on May 12, 2026. POC 6-1. This is a fully secured, perfected claim for $128,908.226. *Id.* The lien is secured by real property, machinery, equipment, crops, and intangibles. *Id.* In support of its claim, FSA included: the Promissory Note executed by Alexei S.

**Page 1     USDA FSA's Objection to Confirmation**

Tipikin ("Tipikin") for Debtor on November 13, 2014; the Promissory Note executed by Tipikin for Debtor on May 11, 2017 (collectively, the "Promissory Notes"); the Security Agreement executed by Tipikin for Debtor on November 12, 2014; the EFS-1 Farm Products Financing Statement Standard Form executed by Tipikin for Debtor and filed with the Oregon Secretary of State on May 20, 2009; the EFS-3 Statement of Continuation filed with the Oregon Secretary of State on December 6, 2013; the EFS-3 Statement of Continuation filed with the Oregon Secretary of State on May 9, 2019; the EFS-3 Statement of Continuation filed with the Oregon Secretary of State on April 25, 2024; the UCC-1 Financing Statement filed with the Oregon Secretary of State on May 20, 2009; the UCC-3 Financing Statement Amendment filed with the Oregon Secretary of State on December 6, 2013; the UCC-3 Financing Statement Amendment filed with the Oregon Secretary of State on May 9, 2019; the UCC-3 Continuation filed with the Oregon Secretary of State on March 7, 2024; the Mortgage filed on November 18, 2014, under Instrument No. 2014-059483 in the official records of Clackamas County; the Mortgage filed on May 12, 2017, under Instrument No. 2017-031909 in the official records of Clackamas County (collectively, the "Mortgages"); and the requisite statement itemizing interest, fees, expenses, or other charges. *Id*.

The Security Agreement describes the collateral in which Debtor granted FSA a security interest, "including the proceeds and products thereof, accessions thereto, future advances and security acquired hereinafter (collateral)," as "[a]ll crops, annual and perennial, and other plant or farm products now planted, growing or grown, or harvested or which are planted after this Security Agreement is signed or otherwise become growing or harvested crops or other plant products (1) within the one-year period or any longer period of years permissible under State law, or (2) at any time after this Security Agreement is signed if no fixed maximum period is described by State law, including crops and plant products now planted, to be planted, growing or grown or harvested" on the described real estate, and "[a]ll farm and other equipment (except small tools and small

**Page 2     USDA FSA's Objection to Confirmation**

equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following which are located in the State [. . .] of [. . .] Oregon," listing two four-wheelers, a berry harvester, a steel diesel tank, a forklift, an irrigation traveler, a plastic water tank, two trailers with water tanks and port-a-pots, two water tanks with hand washing units, a diesel fuel tank on a trailer, a flail mower, a mower, two rotary mowers, ten port-a-pots, a sprayer, a cultivator, a rototiller, a tractor, and a utility trailer. Additionally, the Security Agreement grants a security interest in all livestock, of which none are identified, and "[a]ll accounts, deposit accounts, goods, supplies, inventory, supporting obligations, investment property, certificates of title, payment intangibles, and general intangibles." *Id.* The EFS statements identify the blackberry, marionberry, and strawberry crops. *Id.* The UCC-1 statement describes the collateral as "[a]ll crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, contract rights, payment intangibles, general intangibles, investment property, gross receipts, equities, revolving funds, crop insurance indemnity payments, and all entitlements, benefits, and payments from all State and Federal farm programs [. . .] and [. . .] [a]ll proceeds, products, accessions, and security acquired hereafter" (the "Collateral"). *Id.* The Mortgages secure the Promissory Notes, granting FSA a security interest in the real property. *Id.*

## 2.  OBJECTION TO CONFIRMATION

FSA objects to confirmation of the Plan as it is not feasible, as required by 11 U.S.C. § 1225(a)(6). The crop conditions are poor, Debtor's prior bankruptcy was dismissed in 2025 due to feasibility and compliance issues, Debtor's projected income appears to be inflated, and avoiding foreclosure will reduce Debtor's resources such that compliance with the plan will not be tenable.

### a.  Condition of the crops

In early June of this year, FSA inspected the subject property. That inspection revealed that

**Page 3      USDA FSA's Objection to Confirmation**

the condition of the canes was poor. As a result, FSA anticipates reduced crop yields. However, Debtors' projected income, as demonstrated by the budgets attached to the Motion for Use of Cash Collateral (the "Motion's Budget") (ECF Doc. 56, Exhibit A) and Limited Order Authorizing Interim Use of Cash Collateral and Granting Adequate Protection (the "Order's Budget") (ECF Doc. 68, Exhibit A), is indicative of revenue two to three times greater than prior years. This suggests that the anticipated revenue is significantly inflated, not only in comparison to prior years, but in consideration of the poor condition of the canes.

In addition to the condition of the canes, Debtor is not irrigating the fields, despite the Motion's Budget identifying irrigation expenses. Debtor has experienced crop disasters in three of the past five years, including drought. While the height of the water table may be driving Debtor's decision not to irrigate, the election not to irrigate a crop historically susceptible to drought is concerning.

Together, the poor cane conditions and Debtor's avoidance of mitigation of crop disaster through failure to irrigate are not indicative of projected crop yields sufficient to drive income necessary to comply with plan.

### b. Historic issue of compliance with plan payments

Debtor previously filed for bankruptcy under Chapter 12 of the Bankruptcy Code on February 26, 2020. *See* Bankr. Case No. 20-30688-thp12. In the five years that the case was pending, Debtor repeatedly defaulted on their plan payments. By February 27, 2023, Debtor was behind in payments to the Trustee by $37,400. *See* ECF Doc. 68 in 20-30688-thp12, Trustee's Motion to Dismiss. In 2024, USDA issued $43,038.00 in disaster relief payments to Debtor, which were paid to the Trustee. According to Creditor Umpqua Bank's Motion to Dismiss (ECF Doc. 76 in 20-30688-thp12), this is believed to be the only payment received by the Trustee from Debtor in 2024, despite the confirmed plan requiring monthly payments of $5,100 to the Trustee, as well as annual payments of $27,200.

**Page 4**     **USDA FSA's Objection to Confirmation**

*See* ECF Doc. 64 in 20-30688-thp12, First Amended Plan. Upon failure to provide a Commitment Letter pursuant to Stipulated Order on Umpqua's Motion to Dismiss (ECF Doc. 85 in 20-20688-thp12), on February 6, 2025, the case was dismissed.

Now, less than a year and a half after the dismissal of their prior Chapter 12 bankruptcy, which was riddled with feasibility and compliance issues, and with canes in poor condition, Debtor contends that they can make twelve monthly payments of $5,800 followed by payments of $7,200. Debtor has not demonstrated that this is feasible, but rather, given the conditions of the crops and the imminent foreclosure, that the estate is in worse condition than it was during the pendency of the 2020 bankruptcy.

### c. Projected income appears to be inflated

The projected income in the four-week period captured by the Motion's Budget appears to be more than double Debtor's gross income in both 2024 and 2025. Blackberry harvests typically begin in late June. Yielding seventy-five percent of the harvest, and thus the annual income, by the first week of July is not representative of the actual distribution of the crop yield and income. Based on prior year earnings from Debtor's Statement of Financial Affairs and 2020 bankruptcy filings, Debtor's projected income appears to be two to three times what can be expected given not only the historic yields, but the current condition of the crops and irrigation.

### d. Curing Debtor's default with AgWest will result in reduced resources

AgWest is pursuing nonjudicial foreclosure of the subject property, with a foreclosure sale set for July 15, 2026. Should Debtor avoid foreclosure by curing the default or otherwise establishing terms for repayment, the estate would be drained and payments under the plan would increase beyond what is already unfeasible.

### e. Scrivener's errors

The plan mischaracterizes the collateral securing FSA's claim. Paragraph 2(b)(1) only

**Page 5      USDA FSA's Objection to Confirmation**

identifies the real property as collateral, however the FSA lien is also secured by crops, equipment, inventory, and other assets as described above and in the Security Agreements and UCC-1 statements.

The plan incorrectly directs to "Paragraph 12" for treatment of FSA's secured claim at Paragraph 2(b)(1), but Paragraph 12 references Columbia State Bank's claim. FSA's claim is provided for in Paragraph 13. Additionally, Paragraph 13 Part 2 incorrectly names Columbia State Bank, rather than the FSA.

## 3. CONCLUSION

For the aforementioned reasons, Creditor U.S. Department of Agriculture Farm Service Agency respectfully asks the Court to deny confirmation of the Debtor's Plan.

Dated: July 6, 2026

s/ Susanne Luse
Susanne Luse, OSB #142489
susanne.luse@usdoj.gov
Assistant United States Attorney
1000 SW 3rd Ave., Ste. 600
Portland, Oregon 97204
Tel. No. (503) 727-1019

**Notice of Hearing**

NOTICE IS HEREBY GIVEN THAT the hearing on the above objection will be held at

the confirmation hearing scheduled by the court.

Dated: July 6, 2026

s/ Susanne Luse<br>
Susanne Luse, OSB #142489<br>
Assistant United States Attorney

**Certificate of Service**

The undersigned certifies that service of the foregoing OBJECTION TO

CONFIRMATION was made by mailing a true copy addressed to the following, except those

designated as receiving ECF notice, who will be served electronically by ECF:

Nicholas J. Henderson, Elevate Law Group, Attorney for Debtor   ECF Only
Virginia Andrews Burdette, Trustee                               ECF Only
US Trustee, Portland                                             ECF Only

Dated: July 6, 2026

s/ Susanne Luse<br>
Susanne Luse, OSB #142489<br>
Assistant United States Attorney